COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Fitzpatrick and Overton


OGDEN MARTIN SYSTEMS OF ALEXANDRIA and
 INSURANCE COMPANY OF THE STATE OF
 PENNSYLVANIA
                                        MEMORANDUM OPINION[*]
v.   Record No. 1152-97-4                 PER CURIAM
                                        SEPTEMBER 23, 1997
OLLIE LLOYD, JR.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (Lisa C. Healey; Siciliano, Ellis, Dyer &
              Boccarosse, on brief), for appellants.

              (Marc H. Botzin; Delaney, McCarthy, Colton &
              Botzin, on brief), for appellee.


     Ogden Martin Systems of Alexandria and its insurer

(hereinafter collectively referred to as "employer") contend that

the Workers' Compensation Commission (commission) erred in

finding that (1) Ollie Lloyd, Jr. (claimant) did not

unjustifiably refuse selective employment; and (2) claimant made

a good faith effort to market his residual work capacity.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  See R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  "To

support a finding of refusal of selective employment 'the record

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

must disclose (1) a bona fide job offer suitable to the employee's capacity; (2) [a job offer that was] procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 489 (1989) (quoting Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)).

In ruling that claimant did not refuse the light-duty job offered by employer, the commission found as follows:

> In this case, the claimant did not refuse the light duty job. He performed it until he was laid off. At that time the employer stated that it had been hoped that he would be back to his pre-injury condition by that point, and that the job required the services of a full-time laborer. The employer stated it would bring the claimant back to work as soon as he had a full release with no restrictions. As soon as he was laid off, the claimant registered with the VEC, and he applied for 39 jobs prior to the April 3, 1996, hearing. Although the Deputy Commissioner found that the claimant did not make a bona fide effort to perform the job, we disagree with this finding. The decision below states that there is no evidence that the claimant's physician approved his use of a cane; however, Dr. Verdin's office notes of June 21, 1995, and August 7, 1995, note that the claimant is using a cane. The claimant was told he could take as many breaks as he needed, and he was not aware that his job was in jeopardy for taking too many breaks.

Claimant's testimony and the correspondence and testimony of employer's representatives, Glen Madelmeyer and James Mattingly, provide credible evidence to support the commission's findings. Therefore, those findings are binding on appeal. See James, 8

2

Va. App. at 515, 382 S.E.2d at 488. Based upon this credible evidence, the commission could reasonably conclude that claimant did not unjustifiably refuse selective employment, and that he made a good faith effort to market his residual work capacity. "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

Accordingly, we affirm the commission's decision.

Affirmed.